FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 3:44 pm, Jun 16, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTIONIO LEE SAUNDERS,

    Plaintiff,

v.

SOUTHEAST CORRECTIONAL MEDICAL
GROUP AGENCY,

    Defendant.

CIVIL ACTION NO.: 6:19-cv-2

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1]  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1] In his Complaint, Plaintiff indicated he was bringing this action under both 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Doc. 1 at 5. Where § 1983 authorizes suits against defendants who are acting under the color of state law, a Bivens claim is one against a defendant acting on behalf of the federal government. Bivens, 403 U.S. at 389. Here, Plaintiff names Southeast Correctional Medical Group Agency ("SCMG") as the sole Defendant in this action. Doc. 1 at 3. Defendant SCMG appears to provide medical services for the Bulloch County Jail, where Plaintiff was incarcerated. Thus, Defendant SCMG is likely acting under the color of state law and properly subject to suit under § 1983. Accordingly, the Court will construe Plaintiff's claims as being brought solely under § 1983.

## PLAINTIFF'S CLAIMS[2]

On August 19, 2018, while incarcerated in the Bulloch County Jail, Plaintiff was in his cell when he began to expierence a severe headache, which he attributed to high blood pressure. Doc. 1-1 at 1.  Plaintiff asked his cellmate to press the call button.  Id.  A prison guard responded to the call button and told Plaintiff he would alert medical staff.  Id.  Thirty minutes after first pressing the call button, Plaintiff was still in his cell, so Plaintiff's roommate again pressed the call button.  Id.  A guard again responded and asked who needed help.  Id.  Plaintiff's roommate explained that Plaintiff needed help, to which the guard replied, "ok."  Id.  Five minutes after pressing the call button a second time, Deputy Johnson arrived at Plaintiff's cell with a wheelchair.  Id.

Plaintiff was wheeled to the nurses' station, where a nurse checked his blood pressure.  Id.  The blood pressure check indicated Plaintiff's blood pressure was 200/118.  Id.  The nurse gave Plaintiff three pills to take but did not provide Plaintiff any water to swallow the pills.  Id.  Deputy Johnson asked the nurse if Plaintiff should be placed in an interview room for monitoring until his blood pressure lowered.  Id.  The nurse said Plaintiff should not be placed in an interview room because he was not fully dressed.  Id.  The nurse told Deputy Johnson to return Plaintiff to his cell, where she would check on him in an hour.[3]  Id.

Plaintiff sat down when he returned to his cell.  Id. at 2.  While sitting, Plaintiff realized he had not taken the medication given to him by the nurse, and the three pills were still in his

---

[2]   All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[3]   Plaintiff states this nurse directed that he be taken "back to the hole."  Doc. 1-1 at 1.  It appears Plaintiff's primary cell assignment and "the hole" are the same location.  Regardless, even if Plaintiff is referring to two different locations, the distinction is immaterial for the purposes of this Report and Recommendation.

2

hand.  Id.  Plaintiff got up to get water and quickly passed out, hitting his head on the toilet as he fell.  Id.  Plaintiff woke up in the hospital.  Id.  A different nurse (Nurse Megan) told Plaintiff she thought Plaintiff's cellmate had requested medical attention, which is why the medical attention was delayed.  Id.  Plaintiff interpreted this as Nurse Megan saying the medical staff did not like his cellmate.  Id.  Nurse Megan also told Plaintiff the other nurse had not logged Plaintiff's blood pressure in the log book.  Id.  Plaintiff says the fall caused injuries to the muscles in his neck, for which he was prescribed pain medication and muscle relaxers.  Id.  Plaintiff states he now suffers from daily migraines, and his memory has diminished.  Doc. 1 at 7.  He seeks $400,000,000 in compensatory damages.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Plaintiff's Claims Against Southeast Correctional Medical Group

Plaintiff names Southeast Correctional Medical Group ("SCMG") as a Defendant, apparently due to its role as employer of the medical staff at the Bulloch County Jail. Though SCMG is a private entity, prison contractors are considered state actors. Therefore, SCMG is subject to suit under § 1983. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). However, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. Nesmith v. Corr. Corp. of Am., Case No. CV507-043, 2007 WL 2453584, at *2 (S.D. Ga. Aug. 23, 2007) (holding private contractor who runs prison cannot be held liable under § 1983 on *respondeat superior* or vicarious liability basis). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).

Therefore, to hold an employer such as SCMG liable, Plaintiff must demonstrate that either SCMG actually participated in the alleged constitutional violation or there is a causal connection between the actions of SCMG and the alleged constitutional violation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671

4

(11th Cir. 1990)).  Here, Plaintiff does not allege that Defendant SCMG actually participated in any purported constitutional violation; indeed, SCMG is missing from Plaintiff's factual allegations entirely.  Similarly, Plaintiff fails to allege a causal connection between Defendant SCMG and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  Furthermore, Plaintiff has not alleged that SCMG implemented an improper custom or policy, directed its subordinates to act unlawfully, or knew they would act unlawfully and failed to stop them from doing so.  Thus, Plaintiff has failed to allege any facts that would result in liability for SCMG, and the Court should **DISMISS** Plaintiff's claims against SCMG.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not

brought in good faith if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  <u>See</u> 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver

of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve this Report and Recommendation upon Plaintiff at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of June, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA